SHERMAN A. GENUNG, Appellant, Respondent, *v.* ROSS M. TURNER, Respondent, Appellant.

Third Department, June 30, 1919.

**Action for breach of contract — necessity for showing full performance — immaterial variance — amendment to conform pleadings to proof — verdict inconsistent with evidence — measure of damages for failure to deliver bonds and corporate stock — increase of verdict in appellate court — charge limiting jury as to value erroneous where there is evidence from which jury might have found greater value.**

In an action to recover for a breach of contract the plaintiff cannot recover any amount unless he establishes full performance on his part.

In an action to recover for a breach of contract alleged to have been modified by the parties the plaintiff must establish that he has fully performed the modified contract.

The defendant agreed to sell to the plaintiff 32 bonds of a corporation, each of the par value of $500, and 640 shares of the capital stock of said corporation for the sum of $16,000; the plaintiff alleged that the contract was modified by a return of notes amounting to $5,000 which were given in payment for the bonds and stock, and a proportionate reduction of the bonds and stock to be delivered. The evidence established that $8,000 in notes were returned.

*Held*, that this variance was immaterial and while it diminished it did not destroy the plaintiff's cause of action; the complaint could have been amended to conform to the facts as proved.

After charging the jury that notes amounting to $8,000 had been returned to the plaintiff and permitting the jury to determine whether an additional amount of $4,000 in notes had been thus returned, the court limited a recovery by the plaintiff to a basis of $7,500 received from the defendant by the plaintiff as the proceeds of uncanceled notes. The jury returned a

verdict of $8,000 in favor of the plaintiff. *Held,* that the verdict was inconsistent with the evidence on any theory.

The measure of damages is the reasonable value with interest of bonds and stock, each equivalent in par value to the proceeds of the plaintiff's notes received by the defendant.

It is impossible for the court to increase the verdict in such a case where it does not appear by the verdict just what facts the jury based its verdict on, and further, because the value of the bonds and stock is a question of fact for the jury.

In an action to recover damages for breach of contract for failure to deliver corporate stock it is improper for the court to charge that the jury could not find the value of the stock to be more than forty per cent of the par value thereof, where it appeared that the stock had paid annual dividends of four per cent and that the surplus profits for each of the three preceding years were from seven to ten per cent of the entire capital stock; the jury should not have been limited as to the value.

CROSS-APPEALS by the plaintiff, Sherman A. Genung, and by the defendant, Ross M. Turner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tioga on the 11th day of January, 1918, upon the verdict of a jury for $8,000.

The plaintiff appeals on the ground that the verdict was inadequate. The plaintiff further appeals from so much of an order, entered in said clerk's office on the 17th day of January, 1918, as denies his motion for a new trial, and the defendant appeals from so much of said order as denies his motion for the same relief.

*Howard & Sebring [Hinman, Howard & Kattell and Harvey D. Hinman of counsel], for the plaintiff.*

*Davies, Johnson & Wilkinson [Selden Bacon of counsel], for the defendant.*

COCHRANE, J.:

It is alleged in the complaint that the defendant agreed to sell to the plaintiff thirty-two bonds each of the par value of $500 of the Connecticut Zinc Company, a corporation, and 640 shares of the capital stock of said corporation for the sum of $16,000; that the plaintiff agreed to make his promissory notes in the aggregate sum of $16,000 and that when said notes were paid the said bonds and a certificate for said shares of stock should be delivered to the plaintiff; that the

plaintiff delivered to the defendant his promissory notes in the said sum of $16,000 which were received and accepted by the defendant; that thereafter the parties agreed that a portion of said notes amounting to $5,000 should be returned to the plaintiff without payment and that the number of said bonds and shares of said stock to be delivered to the plaintiff should be reduced proportionately to twenty-two bonds and 440 shares of stock and that accordingly said notes amounting to $5,000 were returned to the plaintiff and canceled; that the plaintiff has paid all of the remainder of said notes amounting to $11,000 and has performed all the conditions of said contract on his part; that he has demanded of the defendant delivery of $11,000 par value of bonds and the same amount of par value of the stock. The complaint demands judgment for the sum of $22,000.

The defendant by his answer denies the allegations of the complaint and alleges a tender of performance on his part of the contract alleged in the complaint and a refusal on the part of the plaintiff to perform the same.

The evidence discloses that the principal transactions of the plaintiff were with a man by the name of Biden, claimed by the plaintiff to have been the agent of the defendant. The question of such agency was extensively litigated and considered at the trial. It was submitted to the jury and they have found in respect thereto in favor of the plaintiff. It is unnecessary to discuss that question further than to say that a review of the evidence convinces us that it was a question of fact and that the evidence fully sustains the verdict of the jury in that respect.

Concededly the plaintiff delivered to the defendant or to Biden $16,000 in promissory notes as alleged in the complaint. The court charged the jury with the acquiescence of both parties that notes amounting to $8,000 had been returned to the plaintiff. The court further submitted to the jury as one of the questions for their determination whether other notes amounting to $4,000 had been returned for cancellation. The verdict of the jury was $8,000 in favor of the plaintiff.

It is entirely clear that under the complaint the plaintiff cannot recover any amount unless he establishes entire per-

formance of his contract.   But he establishes entire perform-
ance when he makes it appear that the proceeds of all the
notes not voluntarily surrendered by the defendant have been
received by him without any liability on his part in respect
thereto.   The fact that notes amounting to $8,000 or more
may have been returned instead of notes amounting to $5,000
as stated in the complaint diminishes but does not destroy the
plaintiff's cause of action.   In such event the question is
whether the contract as modified by the parties has been
fully performed by the plaintiff.   Unquestionably the court
at Trial Term could suffer an amendment of the complaint
to conform to the facts as proved.   Such an amendment
could by no possibility in any aspect of the case prejudice
the defendant.

After charging the jury that notes amounting to $8,000
had been returned to the plaintiff and permitting the jury
to determine whether an additional amount of $4,000 in notes
had been thus returned the court limited a recovery by the
plaintiff to a basis of $7,500 received by the defendant from
the plaintiff as the proceeds of uncanceled notes.   We are
unable to understand the charge in this respect.   Clearly
if the defendant returned $8,000 of notes and no more and
has received from the plaintiff only $7,500 there can be no
recovery by the plaintiff unless the defendant in some way
has prevented full performance.   The jury were not asked
to determine whether $8,500 in notes had been returned to
the plaintiff even assuming that the evidence raised such a
question.   There were other features of the charge which did
not limit a recovery by the plaintiff to an exact basis of the
proceeds of notes received by the defendant on the assumption
that he had returned either $8,000 or $4,000 of the original
issue.   It is impossible to determine on what theory the jury
rendered a verdict of $8,000 in favor of the plaintiff.   It is
not consistent with the evidence on any theory which can
be suggested.

The measure of damages is the reasonable value with
interest of bonds and stock of the zinc company each equiv-
alent in par value to the proceeds of the plaintiff's notes
received by the defendant.   It is claimed by the plaintiff and
admitted by the defendant that if there has been performance

of an $8,000 contract the verdict is inadequate. The defendant in his brief on that point says: "On full performance of an $8,000 contract he [plaintiff] would have been entitled to the value of $8,000 bonds and $8,000 stock, admittedly more than $10,000, plus interest for two and a half years." The plaintiff asks this court to increase the verdict. This we cannot do, *first*, because we cannot be certain from the verdict just what facts the jury has found on which it is based, and *second*, because the question of value is a question of fact for the jury. Under the defendant's concession at the trial that all bonds had been fully paid with interest there might be no difficulty in determining that the actual value of the bonds was their par value. But the question of the value of the stock presents greater difficulties. On the one hand it might be urged that the combined value of bonds and stock was the purchase price thereof as agreed between these parties when negotiating the sale thereof. That agreement was some evidence of value. In other words, the bonds and stock together measured by that agreement were worth the par value of the bonds. On the other hand, the stock has paid annual dividends of four per cent. The defendant sent the plaintiff a circular wherein it was stated among other things that the earnings of the property after all charges and deductions for improvements and addition to plant had for three years netted more than six times the interest on the bonds and that the surplus profits for each of the three preceding years were from "7% to 10% per year on the total capital of $1,000,000 after paying interest, sinking fund, etc., to retire the bond issue each year." These facts with others appearing in the evidence made it permissible for the jury to say that the reasonable value of the stock was more than forty per cent of the par value thereof which the court erroneously charged was the maximum value which the jury could place thereon. The defendant unites with the plaintiff in asking for a new trial in case we are unable to increase the verdict. There was considerable confusion at the trial in some aspects of the case. The jury manifestly shared in that confusion. The verdict is illogical and irreconcilable with any correct theory. It is reasonably certain as the defendant admits that if the plaintiff has performed an $8,000

contract the verdict does a material and substantial injustice to the plaintiff because of its inadequacy. The ends of justice seem to require another trial as requested by both parties. The foregoing discussion may serve to clarify the case in respect to some features and the legal propositions involved being thus determined another trial may result in a more consistent and logical verdict and one which at least will not prove unsatisfactory to both parties as well as to the court.

All concurred.

Judgment and order reversed and new trial granted, with costs to abide the event.